MADDOX, Justice
dissenting.
I must respectfully dissent, because I believe this Court should issue the writ and examine this case, as we have examined others, to determine whether there was compliance with the requirements of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and Ex parte Branch, 526 So.2d 609 (Ala.1987).
Although I might vote to affirm the judgment of the Court of Criminal Appeals after an examination of the record and the reasons given by the State for the exercise of its peremptory challenges, I nevertheless would issue the writ of certiorari in order to make that examination.
Although I recognize that four blacks did, in fact, serve on this jury, and that this statistical fact is some indication that no purposeful racial discrimination was present, I am still troubled, as I was in Ex parte Lynn, [Ms. 86-1474, December 30, 1988] (Ala.1988), that trial judges and prosecutors may not be reading the requirements of Batson as I do, and that a continued failure to follow Batson could result in a complete elimination of the right to exercise peremptory challenges. As I pointed out in a special concurring opinion in Ex parte Lynn, supra, I believe that the Supreme Court of the United States “expressed great confidence that prosecutors and trial judges would ‘perform conscientiously their respective duties under the Constitution,’ ” and I stated that I shared that confidence, but I feel constrained to quote once again footnote 21 of the Batson opinion, in which Mr. Justice Powell, as author of the opinion, attempts to allay some of the fears expressed by Mr. Justice Marshall in his dissent:
“In a recent Title VII sex discrimination case, we stated that ‘a finding of intentional discrimination is a finding of fact’ entitled to appropriate deference by a reviewing court. Anderson v. Bessemer City, 470 U.S. 564, 573 [105 S.Ct. 1504, 1511, 84 L.Ed.2d 518] (1985). Since the trial judge’s finding in the context under consideration here largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference. Id., at 575-576 [105 S.Ct. at 1512-13].”
476 U.S. at 98, 106 S.Ct. at 1724.
Because it appears that there was very limited voir dire directed to the challenged *794 black jurors, and because some of the race-neutral reasons are not completely “clear and specific,” as Branch requires, I would issue the writ of certiorari and review the case, even though I might affirm after a complete review. Consequently, I must dissent.